Nash, J.
 

 The only question in this case is as to the conversion, the plaintiff’s title not being disputed. Any act of ownership over the property taken, which is inconsistent with the true owner’s right of dominion over it, is evidence of a conversion. Thus an asportation of the goods for the use oí the defendant, or of another person, is a conversion, because it is inconsistent with the general right of dominion, which the owner has in the chattel. So also if A. is in possession of a horse or other chattel property, belonging to B., and upon demand refuses to deliver it, this refusal is evidence of a conversion, because there is an assertion of right, inconsistent with B’s, of general dominion over it. 3
 
 St. N. P.
 
 2667. 1
 
 Dowell
 
 86. In this case, the defendant did not take the wagon, it is found on his premises; he neither refused to deliver it, nor is there evidence of any act of ownership over it exercised by him. On the contrary, he disclaims all ownership, and tells how it came on his premises and acknowledges the right of the plaintiff ^or although he gives it as his opinion, that, by the exchange between Bailey and Dowell, the plaintiff had lost his right to the wagon and Dowell had acquired it; yet he states
 
 *501
 
 how the latter had acquired it, showing plainly that he was mistaken in his opinion, and that the right still remained in the plaintiff. In the first conversation between the plaintiff and defendant, then, nothing occurred to put the defendant in the wrong. In the second, the plaintiff and the defendant and Dowell are all present with the waggon, the true owner, the man on whose premises the waggon had be.en left, and he who had brought and left it there. A demand was made by the plaintiff, but on no one in particular. Upon, the affidavit being read, asserting the waggon to be in possession of Dowell, the defendant observes, “Dowel has no possession here, these are my possessions.” They were then on the premises of the defendant and he asserted nothing but the fact; still there is no assertion of title on the part of the defendant and no refusal to deliver the waggon, nor . offer or threat to prevent the plaintiff from taking possession There is, then, at this time no conversion or evidence of it. It is stated by Baron Alder-son in
 
 Foulds
 
 v.
 
 Willoughly,
 
 1st Dowl. 86 “ if an
 
 act,
 
 is done, which does not call in question my general right of dominion over the chattel, itis no conversion”. Here no act is done by the defendant from first to last, no refusal to deliver, no claim of right to the property ; in truth throughout the whole transaction the defendant was entirely passive. We think, therefore, his Honor erred in refusing the first part of the instruction required. We concur with him in his charge, that it was not material, for whose use the conversion was made, (if made at all.) In
 
 Shipwich
 
 v.
 
 Blanchard,
 
 6 Term Rep. 298, it is decided, to “ maintain trover, the goods, must be taken or detained with intent, to convert to the takers own use or the use of some other person. We agree further with his Honor in the latter part of the charge, but there was no evidence that the defendant aided or assisted Dowell to take off the waggon.
 

 
 *502
 
 For the error pointed out, in the refusal to instruct the J ury, as required, there must be a
 
 venire de novo.
 

 Per Curiam. Judgment reversed and
 
 venire de novo
 
 awarded.